## County of Pike v. Addison Cadwell.

1. PRACTICE—*Pleading Evidence.*—A party is not bound to plead his evidence.

2. SAME—*Judgment of Nil Capiat.*—Where the defendant's plea goes to bar the action, if the plaintiff demurs to it, and the demurrer is determined in favor of the plea, judgment of *nil capiat* should be entered

notwithstanding there may be also one or more issues of fact, for the reason that upon the whole it appears the plaintiff has no cause of action.

3. LIMITATIONS—*Statute Does Not Apply to Trust Funds.*—Where funds involved in a controversy are in the nature of trust funds held by a county to be disposed of by it according to law, the statute of limitations is not available as a defense.

Assumpsit, to recover money had and received, etc. Trial in the Circuit Court of Pike County; the Hon. JEFFERSON ORR, Judge, presiding. Judgment for defendant *nil capiat* on demurrer to a special plea. Appeal by plaintiff. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

J. D. HESS, EDWIN JOHNSTON and WM. MUMFORD, attorneys for plaintiff in error.

A. G. CRAWFORD, attorney for defendant in error.

MR. PRESIDING JUSTICE GLENN delivered the opinion of the court.

This is an action of assumpsit, brought by the plaintiff in error to recover of defendant in error certain funds claimed to be in his hands as late treasurer of Pike county, that of right belong to the plaintiff in error.

The declaration contained a special count and the common counts. In the special count it is averred that the defendant in error was treasurer and ex-officio collector of the county of Pike from the first Monday of December, 1882, until the first Monday of December, 1885; that while acting as such treasurer and collector he collected and received large sums of money that belonged to the plaintiff in error, which he neglected and refused to account for and turn over to plaintiff in error as by the statute required, amounting in all to the sum of $5,000. To this declaration the defendant filed six pleas, the general issue and five special pleas. To each of the special pleas plaintiff in error filed a special demurrer. The court overruled the demurrer to each special plea and entered judgment for the defendant.

The record does not contain a bill of exceptions or a

County of Pike v. Cadwell.

motion for a new trial. The only matter brought by this record for our review is the action of the court in overruling the demurrers to the five special pleas and entering judgment for the defendant in error.

Special demurrers were filed to pleas, two, three and four. One of the special grounds of demurrer to the second, which is a plea of set-off, and to the fourth, which is a plea of payment, is, they contain no allegation that the several causes of action mentioned in the declaration are one and the same cause of action. The only office this averment performs is to show the purpose of the pleader is to answer the declaration and each count thereof. This the pleader has done in this case by apt words. In fact it is not complained but the pleas answer the entire declaration and each count. Another ground of special demurrer to the second plea is that there is no prayer for judgment. Counsel will find upon an examination of their abstract that in this they are mistaken.

It is also urged that the second, third and fourth pleas are insufficient, because it is not averred with what agents or officers of plaintiff in error defendant in error had the transactions upon which he grounds his defense, and that he does not set the same out in detail and with particularity. This objection is not well taken. A party is not bound to plead his evidence. It is claimed by the third plea, which is one of release and satisfaction, it does not appear there was any consideration for the release. The collection and payment of the money by the defendant in error, as averred in this plea, was a sufficient consideration to support this release.

We think the demurrer to the fifth and sixth pleas should have been sustained. In these pleas the statute of limitations is pleaded. The funds involved in this controversy are in the nature of trust funds held by the county to be disposed of according to law, hence the statute of limitations is not available as a defense to the action. Logan County v. City of Lincoln, 81 Ill. 156; Catlett v. The People ex rel., 151 Ill. 16.

The demurrer to the second, third and fourth pleas was properly overruled by the court below. The plaintiff in error stood by its demurrer.

"Where the defendant's plea goes to bar the action, if the plaintiff demurs to it, and the demurrer is determined in favor of the plea, judgment of *nil capiat* shall be entered, notwithstanding there may be also one or more issues of fact, for the reason that upon the whole it appears the plaintiff had no cause of action." Ward v. Stout et al., 32 Ill. 399; Mt. Carbon C. & R. R. Co. v. Andrews, 53 Ill. 176.

The judgment of the Circuit Court is affirmed.