### The County of Jackson, Appellee, v. John M. Herbert, Appellant.

1. LIMITATIONS—*against municipal corporation.* A plea of the statute of limitations cannot be successful against municipal corporations respecting public rights or property held for public use, or held in trust.

2. LIMITATIONS—*against county.* The statute of limitations is not available as a defense on action by a county against one who received the money sought while acting as attorney and agent of

the county, no private rights or contractual relations existing, and where the money when received must be expended for public purposes.

Appeal from the Circuit Court of Jackson county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed June 5, 1912.

JAMES H. MARTIN, for appellant.

ISAAC K. LEVY, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in *assumpsit* brought by Jackson County, appellee, against John M. Herbert, appellant, to recover $353.75, which was received by appellant while state's attorney of said county.

The declaration consisted of the common counts and two special counts. The first special count alleged that appellant was state's attorney of said county, from the first Monday in December, 1896, until the first Monday of December, 1900; that on August 1, 1898, appellant collected and received from the county of Union in this state, the sum of $353.75 that belonged to appellee; that said sum was owing appellee from said county of Union for costs, fees and other necessary charges, claims and expenses, which had theretofore been paid by appellee in the case of the State of Illinois v. John S. Jones, charged with the crime of murder, tried in the county of Jackson at the April term, 1896, of the Circuit Court, on a change of venue from said Union county; that the term of office of said appellant as state's attorney had long since expired; that he had not paid over said moneys to appellee, but neglected and refused to do so. The second special count was similar to the first, but alleged further that the money was collected by appellant pursuant to a resolution of the board of supervisors of

Jackson county, and was received by him in trust for appellee.

Appellant filed the general issue and as to the two special counts, also filed the plea of the statute of limitations which was demurred to by appellee. The trial court sustained the demurrer, appellant elected to abide by his plea of the statute of limitations, withdrew his other plea, and the court having heard the evidence, entered a judgment against him for $283.75 and costs.

The only question raised for our consideration on this appeal is, was the statute of limitations of defense properly available to appellant, more than five years having elasped between the time of the receipt of the money by him and the commencement of this suit.

The law seems well settled in this state that the statute of limitations cannot be successfully pleaded against municipal corporations as respects public rights or property held for public use or when the property is held in trust.

In the case of Logan County v. City of Lincoln, 81 Ill. 156, where the city sought to recover certain taxes collected by the county that according to law it should have paid to the city, the court held the statute of limitations would not apply and in its opinion stated, ''As respects public rights or property held for a public use, upon trusts, municipal corporations are not within the operation of the statute of limitations, but in regard to contracts or mere private rights, the rule is different,'' and further held that the funds involved were in the nature of trust funds and that the obligation created by the statute bore no analogy to a right springing out of a contract.

In School Directors v. School Directors, 105 Ill. 653, it was claimed the school treasurer paid certain taxes collected by him to the wrong district, and the court held the funds were trust funds while in the hands of the treasurer, but as between the contesting districts the statute would operate. This distinction is obvious

as the school treasurer must have received the taxes for the benefit of the district while the district receiving them from the treasurer took them as its own, although it might not have been entitled to them.

In the case of County of Pike v. Cadwell, 78 Ill. App. 201, wherein the county sought to recover money that had come into Cadwell's possession while county treasurer, the court in its opinion said, "the funds involved in this controversy are in the nature of trust funds held by the county to be disposed of according to law, hence the statute of limitations is not available as a defense to the action."

In the present case appellant, acting as attorney and agent of the county, received the money here sought to be recovered. No private rights are involved nor is there any contractual relation between the parties in regard to the money, and when it is received by the county it must be expended for public purposes.

We therefore conclude the money was held in trust by appellant for the use of the public and that the statute of limitations is not an available defense against its recovery.

The judgment of the court below will be affirmed.

*Judgment affirmed.*