MARY ANN CLOSE, Appellant, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed December 17, 1912.*

1. MUNICIPAL CORPORATIONS—*when the Statute of Limitations does not run against a city.* The Statute of Limitations does not run against a municipality with respect to property held by it for the use of the public at large.

2. SAME—*a city official cannot bind city by permitting building to be placed in street.* A city official who gives a permit to a lot owner to move a building thereon, which encroaches upon land which the lot owner knows is included in a street, cannot bind the city nor give any right to the lot owner against the city, even though such official may have had knowledge of the encroachment.

3. JUDGMENTS AND DECREES—*decree as to title is binding upon party succeeding to complainant's title.* One who succeeds to the title of the complainant in a burnt records proceeding is in privity with him, and his acknowledgment of the title to a strip of the land as being in the public, in the petition filed by him, and the decree in accordance therewith, are binding upon them both.

4. EVIDENCE—*when deed is not within rule excluding declarations of grantor tending to impeach title.* Where the owner of a lot deeds a strip thereof for a street and thereafter conveys the remainder of the lot, excepting such strip, a subsequent deed by him to the municipality conveying such strip in confirmation of the former deed is evidence of title in the city, and is admissible against one who has succeeded to the title to the other portion of the lot, even though her grantor made a deed to the lot with a warranty against his own acts, only, and without having any claim of title to the strip embraced within the street.

5. INJUNCTION—*what not ground for enjoining city from taking possession of strip of land for street.* Where the owner of a lot knows she has no title to a strip thereof which has been deeded for a street, and has successfully resisted a special assessment on such strip upon the ground that she did not own it, the fact that she has been permitted by a city official to occupy the strip with a building which she moved onto the lot furnishes no reason, on the ground of estoppel or otherwise, why the city should be enjoined from taking possession of the strip.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES A. MCDONALD, Judge, presiding.

ELMER W. ADKINSON, and JAMES HIBBEN, for appellant.

WILLIAM H. SEXTON, Corporation Counsel, (A. L. GETTYS, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The superior court of Cook county dismissed for want of equity the bill of Mary Ann Close, the appellant, which prayed for an injunction against the city of Chicago, the appellee, restraining the city from taking possession of the west eight feet of lot 3, in block 3, of a certain addition to Chicago, which lot is situated on the south-east corner of Forty-fifth street and Princeton avenue, and she appealed.

Princeton avenue runs north and south and Forty-fifth street runs east and west, and the lot has a frontage of twenty-five feet on Forty-fifth street and extends south one hundred and eleven feet along Princeton avenue. The facts appearing in the record, which are stated in the brief and the master's report without any reference to their sequence, when brought into their chronological order are as follows: In 1867 and 1868 the lot was owned by Isaac Starr, Jr., and in one of those years the west eight feet were condemned by the town of Lake (now a part of the city of Chicago) for a street or highway. Starr made a deed of the strip to the town, which was delivered to the supervisor and which has not been found. On November 18, 1870, Starr conveyed the lot, except the west eight feet thereof, to Charles A. Farnum. On December 30, 1873, after the great fire, Farnum filed his petition in the superior court of Cook county, under the Burnt Records act, to establish his title to the lot except the west eight feet, alleging his title and the destruction of the records by fire, and also that during the year 1867 or 1868,—the exact time being unknown to him,—the west eight feet of

said lot were condemned by the town of Lake for a street or highway. A decree was entered establishing the title of Farnum to the lot except the west eight feet, and finding the said west eight feet had been condemned by the town of Lake for a street or highway. On June 22, 1881, Farnum conveyed the lot to William Post, excepting the portion condemned for and occupied as a street running north and south, identifying the premises conveyed as being the same conveyed by Isaac Starr, Jr., to the grantor on November 18, 1870. Six years afterward, on June 14, 1887, Farnum executed another deed to Post, purporting to convey the whole lot, excepting and reserving from the covenants of warranty the west eight feet. The next day, on June 15, 1887, Post executed a deed to Lawrence Nelson conveying the lot, also excepting and reserving from the covenants of warranty the west eight feet, in the same language as the second deed of Farnum to Post. On June 22, 1887, Nelson executed a special warranty deed of the lot to the appellant, Mary Ann Close, and James Close, her husband, covenanting against his own acts, and on the same day the appellant and her husband executed a trust deed purporting to convey the lot but excepting from the warranty the west eight feet. They owned lot 2, adjoining this lot on the east, fronting on Forty-fifth street, and they lived in a house on lot 2. They enclosed the premises with a fence and had sheds or cow barns in the rear and kept a milk dairy, with seventeen or eighteen cows. Up to that time the country in that locality was an open prairie, with an occasional house, and one could drive in any direction across it. At some time after the condemnation, not definitely shown, the roadway of the street or highway was graded and ditched, and the street was first called Garibaldi street and afterwards School street, and now Princeton avenue. James Close paid taxes on the whole lot from 1888 to 1891, inclusive, and paid an assessment in 1891 for a drain on Forty-fifth street. No

257 – 4

taxes were paid on the eight feet after 1891, and on January 12, 1892, the appellant and her husband objected in the county court of Cook county to a special assessment of the lot,—that they were wrongfully assessed on the whole. of lot 3, as they did not own the west eight feet. The court sustained their objection and entered an order finding that the property was wrongly described and should be described as the east seventeen feet of the lot, excluding the eight feet. In 1894 appellant and her husband, under a permit from a city official, moved upon the lot a one-story frame building eighteen feet and seven inches wide, fronting on Forty-fifth street and extending south eighty-four feet, covering the eight feet in question, and the front part of this building is occupied for a saloon and the rear for a dance hall. Appellant's husband conveyed his interest in the premises to her, and although he was a complainant in the bill he died during the pendency of the suit, and his death being suggested it was discontinued as to him. On August 15, 1904, Isaac Starr, Jr., made a quit-claim deed of the west eight feet to the city, reciting that it was given to confirm a former deed of the same premises to the town of Lake prior to the great fire of 1871. Some other facts were proved which were either incompetent and presumably not considered by the chancellor, or are of so little importance as not to justify a recital of them.

The appellant has no title to the west eight feet of lot 3 and has never had any. Lawrence Nelson had no title to the eight feet and he only warranted against his own acts. The first deed to him from Post did not purport to convey that portion of the lot, which indicates that he did not buy it, and the second deed, made long afterward, excepted the eight feet from the covenants of warranty, and was evidently made merely for the purpose of showing color of title when there was none in fact. The appellant did not acquire any title by virtue of the Statute of Limitations, which does not run against a municipality

in respect to property held for the use of the public at
large. The officer of the city who gave the permit to move
the building on the lot, even if he knew that it encroached
upon the public street, could not bind the corporation and
give any right to the appellant. (*Burton Co.* v. *City of
Chicago,* 236 Ill. 383.) The appellant and her husband
necessarily knew that the officer could not authorize them
to divert the street to their private use.

It is urged that the petition of Farnum under the
Burnt Records act, and the decree entered thereon, were
not binding upon the appellant, but as she succeeded to
his title she is in privity with him, and his acknowledgment
of title in the public and the decree entered in his suit
are as conclusive against her as they were against him.
*O'Connell* v. *Chicago Terminal Railway Co.* 184 Ill. 308.

It is also insisted that the deed of 1904 from Isaac
Starr, Jr., to the city in confirmation of his previous deed
was not competent evidence, under the rule that the acts
and declarations of a grantor of land made after he has
parted with his title cannot be received to impeach the title
of his grantee. The facts do not bring the case within
the rule, since the only conveyance Starr had ever made
of the eight feet was the deed to the town of Lake for
a street or highway, and the appellant was not his grantee,
either immediate or remote. It was evidence the title was
in the city.

The appellant and her husband were advised by the
conveyance to them, as well as by the records, that they
had no right or title to the eight feet, and the fact that
they maintained an unlawful possession of a part of the
street for a considerable time and the city did not eject
them from it furnished no valid reason for enjoining the
city from taking possession of the public property. The
appellant was not ignorant of the truth respecting the title,
but, on the contrary, she and her husband objected in 1892
to the assessment upon the whole lot because they did not

own the west eight feet. They were successful in having that portion of the lot excluded from the assessment, and there is no element of estoppel which could give the appellant any right to keep her building in the street.

The decree is affirmed.          *Decree affirmed.*