People of the State of Illinois for use of Town of New Trier, by Frank J. Pavlicek, Appellant, v. Sanborn Hale et al., Appellees.

Gen. No. 42,657.

Opinion filed December 13, 1943.

Thomas H. Murray and Arthur F. McCormick, both of Chicago, for appellant.

Miller, Gorham, Wescott & Adams, of Chicago, for certain appellees.

Eugene P. Kealy, of Chicago, for certain other appellees.

Mr. Justice Matchett delivered the opinion of the court.

## I.

This is an appeal by Pavlicek from a decree dismissing his bill for want of equity. The complaint was filed October 1, 1940. Pavlicek alleged himself to be a resident and taxpayer of the Town of New Trier in Cook county. He sued for himself and others likewise situated. The complaint named as defendants Sanborn Hale and various sureties on bonds given by him as town collector of the Town of New Trier. The suit of plaintiff is based on section 55 of the Fees and

Salaries Act as amended (see Smith-Hurd Rev. Stat. 1925, ch. 53). This section in substance provides the town collector may be allowed a commission of 2 per cent on all moneys collected by him to be paid out of the funds collected as compensation; that sums in excess of $1,500 in counties of the first and second class and in excess of $4,000 in counties of the third class shall be paid into the town treasury. The complaint alleges in the year 1927 Hale retained the sum of $3,039.34 over and above the allowance of the statute; that for the years 1928 to 1931 he retained each year the sum of $6,000 above that amount, making a total sum of $27,039.34, retained by him for which defendants are alleged to be liable. The bill prays an accounting and that defendants may be decreed to pay to the People of the State for the use of the Town of New Trier the amount found due and the complainant allowed his reasonable solicitor's fees, costs and expenses and further relief.

Defendants moved to strike the complaint. (Civil Practice Act, Smith-Hurd's Ann. Stats., § 48, par. 172, p. 390 [Jones Ill. Stats. Ann. 104.048].) The motion was denied. Defendants answered. Plaintiff then moved to strike certain paragraphs of the answers. Amendments were made. There were other motions to strike, some sustained, others denied. A final decree was entered December 31, 1942.

## II.

The decree provides:

"That the defendant, Sanborn Hale, as Town Collector for the Town of New Trier, was not lawfully authorized to receive out of the taxes collected by him for the years 1927, 1928, 1929, 1930 and 1931, the fees and commissions retained by him out of said collections, and that he has made default in failing and neglecting to account and pay over to said Town of New Trier that part of said commissions so retained and remaining in his

hands after deducting his legal compensation of $4,000 per annum.

"That the amendment to the statute laws of 1923, Page 368, entitled 'An Act to amend Section 36 of "An Act concerning Fees and Salaries and to classify the several Counties of this State with reference thereto," approved March 29, 1872 as amended,' approved July 14, 1927, being Chapter 53, Section 55, Smith-Hurd Ill. Ann. Stat., 1937, violates Section 13 of Article 4 and Sections 11 and 12 of Article 10 of the Constitution of the State of Illinois, and is therefore unconstitutional.

"That the said fees and commissions retained by the defendant, Sanborn Hale, are not undistributed tax moneys, which would be of interest to the People of the State of Illinois at large, but are moneys owed solely to the People of the Town of New Trier, and as such involve purely private rights, and that the People of the State of Illinois have no interest in the prosecution of this lawsuit and have no interest in said funds, nor any part thereof, but the right to the use of said funds and the use of such funds is confined solely to the inhabitants of New Trier Township.

"That plaintiff has been guilty of laches, and the five year statute of limitations applies, being Section 15, Chapter 83, Ill. Rev. Stat., and is a valid defense to the complaint as amended."

The decree recites that motions of plaintiff to strike certain paragraphs of the answers are overruled and that plaintiff elects to abide by his motions and it is therefore decreed the complaint of plaintiff, as amended be dismissed for want of equity, without costs to either side.

### III.

Except as to plaintiff's right to sue, there is no question of fact in the case. The principal and controlling

question is whether his suit is barred by the statute of limitations. Plaintiff says the statute is not applicable and the suit not barred by laches, because unlike other municipalities, such as cities, school districts, etc., the Town of New Trier is an involuntary corporation created by statute, existing solely for the purpose of acting as an arm of the State Government. Plaintiff says the organization, being involuntary and independent of the local inhabitants in its nature, is a part of the sovereignty of the State and the court, therefore, erred in holding the Statute of Limitations applicable to the suit. This contention involves a construction of the organization statute. The Town of New Trier was organized under the provisions of Chapter 139, Illinois Revised Statutes, 1941. The contention that it differs from other municipal corporations, in that it represents the sovereignty of the State, and that the Statute of Limitations would be wholly inapplicable to any suit brought in its behalf, is an ingenious contention. We find no language in the statute to justify it. Plaintiff's brief does not consistently adhere to that theory. It cites no authority which actually so holds, and in analyzing authorities cited says:

"The distinguishing features which appear from an examination of the numerous cases involving the definition of 'public rights' seems far from clear cut, and hinges on the nature of the fund and purpose of which its creation was intended, and not the question as to whether the municipality against whom the Statute of Limitations is pleaded is the state itself or some minor municipality."

The decree cannot be reversed on this theory.

## IV.

The cases cited by plaintiff, while not sustaining this particular point as to the construction of the statute, sustain another rule so well settled as to hardly need

the citation of authorities. The rule is that statutes of limitations are not ordinarily to be applied where suits are brought in the name of or for the benefit of the sovereign State, and that for the same reasons these statutes will not be applied where, in suits against municipalities, public rights as distinguished from private rights are the subject matter of the controversy. The many cases cited by the parties tend to support this rule and disclose that the real task of the courts in such suits against municipalities has been to determine when public rights as distinguished from private rights are the subject matter of controversy. Of the many cases cited by plaintiff are *People v. Brown,* 67 Ill. 435; *Greenwood v. Town of LaSalle,* 137 Ill. 225; *People v. Town of Thornton,* 186 Ill. 162; *County of Cook v. City of Chicago,* 311 Ill. 234; *McEathron v. Worth Township,* 315 Ill. App. 47; *Close v. City of Chicago,* 257 Ill. 47; *People v. West Englewood Trust & Savings Bank,* 353 Ill. 451, and *Clare v. Bell,* 378 Ill. 128. Of those relied on by defendants it will be sufficient to name *City of Alton v. Illinois Transp. Co.,* 12 Ill. 38; *County of Pike v. Cadwell,* 78 Ill. App. 201; *People ex rel. Town of Atlanta v. Town of Oran,* 121 Ill. 650; *Brown v. Trustees of Schools,* 224 Ill. 184; *Weisenborn v. People,* 53 Ill. App. 32; *People v. Davis,* 157 Ill. App. 438; *State Bank & Trust Co. v. Commercial Trust & Savings Bank,* 300 Ill. App. 435; *Trustees of Schools v. American Surety Co. of New York,* 307 Ill. App. 398.

In *Brown v. Trustees of Schools,* 224 Ill. 184, 186, Mr. Justice CARTWRIGHT, speaking for the court, said:

"Statutes of limitations do not run against the State, in respect to public rights, unless the State is expressly included with the terms of the statute. The rule is founded on the maxim of the common law, *nullum tempus occurrit regi.* It was supposed that the time and attention of the sovereign were occupied by the cares of government, and there could be no negligence

or laches on his part. The same prerogative extends to the State, in its sovereign capacity, as to all governmental matters. As to them no delay in resorting to the remedy will bar the right; but if the State becomes a partner with individuals, or engages in business, it divests itself of its sovereign character and is subject to the statute. . . . The rule that statutes of limitation do not run against the State also extends to minor municipalities created by it as local governmental agencies *in respect to governmental affairs affecting the general public.* The exemption extends to counties, cities, towns and minor municipalities in all matters *respecting strictly public rights as distinguished from private and local rights, but as to matters involving private rights they are subject to statutes of limitation to the same extent as individuals.* . . .

"The question in this case is whether there is an implied exemption for the statutes of limitation in favor of trustees of schools with respect to property held for the use of a particular school district, and that depends upon the meaning of the term 'public rights,' as used in the decisions."

Citing the case of *County of Piatt v. Goodell*, 97 Ill. 84, the opinion states:

"That case involved the title to swamp lands owned by the county, in which the inhabitants of the county were interested. It was held that the public right and public use must be *in the people of the State at large, and not in the inhabitants of a particular local district.* It was said that there is a well founded distinction between cases where the municipality is seeking to enforce a right in which the public in general have an interest in common with the people of such municipality, and cases where the public have no such interest; that the public generally had no interest in the tract of land in question in that case in common with the

voters and taxpayers of Piatt county, and that the county for that reason was subject to the limitation laws."

It would unduly extend this opinion to review all the authorities. While the action here is brought in the name of the People, that bare fact is not controlling. All the pleadings in the case show that the rights in controversy concern the Town of New Trier only. It is not a case in which the public at large is interested, and we hold that the trial court properly held the action was barred at law by section 15 of chapter 83, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 107.275]. If so barred at law, there is no question that equity following the law will hold the suit barred by laches.

With reference to the sums of money which were withheld by the defendant collector in the several years for which plaintiff sues, it is alleged in the answer and admitted by the motion to strike that in each of these years an account was rendered by the collector to the township authorities; that an itemized statement of commissions deducted by him from all taxes received was made, and that with each statement he tendered a check for the amount of any excess commissions, showing in his account in detail the manner of computation of the account and that he received from the treasurer and supervisor of New Trier Township each year a receipt in full settlement for each such excess commission; that as to the matters of 1931, these were of record for over 7 years, as to 1930 for more than 8 years, as to 1929 for more than 9 years, as to 1928 for more than 10 years, and as to 1927 for more than 11 years before this suit was begun. Both 5 and 10 years are suggested as limitations beyond which equity following the law would hold the suit of plaintiff to be barred by laches. Defendants have pointed out that while the defense is in equity technically one of laches, equity always follows the law. *People for the use of Hammond v. Graydon*, 306 Ill. App. 163, and *Trustees*

*of Schools v. American Surety Co. of New York,* 307 Ill. App. 398. We hold that section 15 of the Limitations Act is applicable and that it is a good defense to plaintiff's suit.

## V.

It is said the statute of limitations will not run against the claim because the funds retained by Hale are undistributed tax money. Plaintiff cites *People v. West Englewood Trust & Savings Bank,* 353 Ill. 451; *Lee v. Town of Mound Station,* 118 Ill. 304, and *Logan County Board of Sup'rs v. City of Lincoln,* 81 Ill. 156. In the last named case the county held money under a public law for the benefit of the city. The county, when sued, interposed a plea of the statute of limitations, and the Supreme Court said the obligation did not arise out of contract and that the statute of limitations could not be interposed. In *Lee v. Town of Mound Station* it was held that the title to certain real estate was vested in the town for public use, and the town held it in its governmental capacity in trust for the public, and that the statute of limitations would not run in favor of a private party so as to bar the rights of the public. In the West Englewood Bank case the bank acted as agent of the county collector to receive taxes, and it was held when the bank became insolvent that the claim of the State for taxes on deposit could not be defeated by the interposition of the statute of limitations. These cases are all easily distinguishable from the facts in this case.

## VI.

Plaintiff next urges that the excess remaining in the collector's hands was at least a trust fund against which the statute of limitations would be no defense, as the statute would not begin to run until it was repudiated and notice of the repudiation brought to the *cestui qui trust. State Bank & Trust Co. v. Commercial Trust &*

*Savings Bank,* 300 Ill. App. 435; *Trustees of Schools v. Arnold,* 58 Ill. App. 103; *Close v. City of Chicago,* 257 Ill. 47; and *People v. Commercial Union Fire Ins. Co.,* 322 Ill. 326, are cited. There is no merit to this contention on the facts as admitted by the pleadings. The collector did not conceal anything from anybody. His report made each year was a distinct repudiation by him of any such trust. He made a full statement to the county collector, received his receipts in full each year for all taxes due from him, caused the same to be recorded, and under the provisions of sec. 205, par. 686 of ch. 120, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 119.702], this operated as a defense to any suit for tax moneys brought after three years of the time the satisfaction was recorded.

## VII.

The point is made that because the defendants in their motion to strike the complaint raised the question of the statute of limitations, which the court then decided, these defendants were precluded from again raising the question by answer. This claim is made only as to certain of the surety companies. The collector himself did not raise that question on his first motion to strike. However, Rule 21 of the Supreme Court provides:

"Where after denial by the court of a motion under Section 48 of the Civil Practice Act, the defendant pleads over, this shall not be deemed a waiver of any error in the decision denying such motion, and the defendent shall have the right to assign such error on appeal from the final judgment."

The rule is conclusive against this point.

## VIII.

The equities of plaintiff's case do not appeal. There is no doubt the collector at all times acted in good

faith and the board of auditors of the Town of New Trier by resolution authorized the payment to him of additional compensation for the years in question, by way of allowing him for his expenses. Whether this is a complete legal defense it is not necessary for us to decide. Nor do we discuss the question of fact raised by defendants that Pavlicek is not a taxpayer in New Trier and not entitled to bring the suit. We prefer to dispose of the case on the merits.

The decree will be affirmed.

*Affirmed.*

O'CONNOR, P. J., and NIEMEYER, J., concur.