192 N.J. Super. 433 (1983)
471 A.2d 38
BOARD OF TRUSTEES OF BERGEN COMMUNITY COLLEGE, PLAINTIFF-APPELLANT, CROSS-RESPONDENT,
v.
J.P. FYFE, INC., JOHN DELAGE, THE CELOTEX CORPORATION, GAF CORPORATION, COMMERCIAL UNION INSURANCE COMPANY, THE UPJOHN COMPANY AND JOHN DOE, A FICTITIOUS NAME, DEFENDANTS-RESPONDENTS. GAF CORPORATION, DEFENDANT-THIRD PARTY PLAINTIFF-RESPONDENT-CROSS-APPELLANT, AND COMMERCIAL UNION INSURANCE COMPANY, DEFENDANT-THIRD PARTY PLAINTIFF,
v.
GLENWAL CONSTRUCTION COMPANY, THE GRAD PARTNERSHIP AND JOHN DOE, A FICTITIOUS NAME, THIRD PARTY DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 19, 1983.
Decided November 17, 1983.
*434 Before Judges FRITZ, FURMAN and DEIGHAN.
William C. Slattery argued the cause for appellant (Rosen, Gelman & Weiss, attorneys; Jill E. Haley, on the brief).
Ronald M. Sturtz argued the cause for respondent-cross-appellant (Hannoch, Weisman, Stern, Besser, Berkowitz & Kinney, attorneys; Joseph J. Fleischman and Steven L. Sacks-Wilner on the brief).
Marlene F. Cosentino argued the cause for defendant-respondent Upjohn Company (Lum, Biunno & Tompkins, attorneys).
Bright & Zirulnik, attorneys for defendants-respondents J.P. Fyfe, Inc. and John Delage (Edward J. Nesselquist, of counsel and on the brief).
The opinion of the court was delivered by FURMAN, J.A.D.
In a published opinion at 188 N.J. Super. 288 (Law Div. 1982), Judge Yanoff upheld the defense of the statute of limitations on motion by plaintiff community college to strike it. Because of plaintiff's stipulation that the action was out of time if the statute of limitations should be held to be applicable, the order by Judge Yanoff concluded the litigation except for two counts against GAF Corporation and Commercial Union Insurance Company as principal and surety on a 20-year roofing bond.
At issue is whether plaintiff community college was exempt from the bar of the statute of limitations in suing in contract and in tort for alleged defects in the materials supplied and in the performance of a roofing subcontract on a college building, in accordance with the ancient doctrine of nullum tempus occurrit regi (time does not run against the sovereign). We agree with Judge Yanoff's opinion with respect to this issue and affirm substantially for the reasons stated therein.
We note that the authorities in this state relied on by plaintiff exempt the state or a governmental subdivision from the bar of the statute of limitations in suing to enforce a property right, *435 not, as here, to recover general and special damages in contract or in tort. Jersey City v. Hall, 79 N.J.L. 559 (E. & A. 1910) (no prescriptive right against state owned tidelands); Trustees of Public Schools v. City of Trenton, 30 N.J. Eq. 667 (E. & A. 1879) (mortgage held by state exempt from municipal tax lien); Schultz v. Wilson, 44 N.J. Super. 591 (App.Div. 1957), certif. den. 24 N.J. 546 (1957) (state title to tidelands not lost through inaction); Veterans Loan Authority v. Wilk, 61 N.J. Super. 65 (App.Div. 1960) (action by state agency on promissory note); Hyland v. Kirkman, 157 N.J. Super. 565 (Ch.Div. 1978) (action to protect state property, public interest in privately owned pinelands and integrity of title recording system); Brindley v. Borough of Lavallette, 33 N.J. Super. 344 (Law Div. 1954) (no prescriptive right against state owned tidelands); State v. American-Hawaiian Steamship Co., 29 N.J. Super. 116 (Ch.Div. 1953) (action to escheat property, claim to which was not barred by the statute of limitations at the time of enactment of the escheat law); State v. Owen, 23 N.J. Misc. 123, 41 A.2d 809 (S.Ct. 1945) (action to recover unpaid rent on state lease of tidelands); Trustees, &c., Public Schools v. The Ott & Brewer Co., 135 N.J. Eq. 174 (Ch. 1944) (state agency action to foreclose mortgage); Cross v. Mayor of Morristown, 18 N.J. Eq. 305 (Ch. 1867) (no prescriptive right by encroachment in municipal roadway).
As stated by the Court of Errors and Appeals in Trustees of Public Schools, 30 N.J. Eq. at 684, "The statute of limitations ... will be inoperative as against the crown or the state suing for the enforcement of its rights in property, unless it be specially named therein."
No case in this state is cited, nor is one disclosed in research, holding that the state or a governmental subdivision either may or may not bring a cause of action for unliquidated damages for breach of contract or for tort, beyond the time period of the statute of limitations and exempt from its bar in the absence of a specific statutory provision.
*436 Elsewhere in the United States the authorities are split. As stated in Annotation, "Statute of limitations as applicable to action by municipality or other political subdivision in absence of specific provision in that regard," 113 A.L.R. 376, 377 (1938):
The cases within the scope of the present annotation indicate that in the absence of a specific provision in that regard, actions by municipalities or other governmental subdivisions are not exempt from the operation of general statutes of limitation, at least in those instances where such actions involve so-called "private" or "proprietary" rights as opposed to "public" or "governmental" rights.
Opinions in other jurisdictions applying the bar of the statute of limitations to governmental subdivisions such as plaintiff community college, in suing, as here, for unliquidated damages for breach of contract or for tort include the following: Metropolitan Railroad Co. v. District of Columbia, 132 U.S. 1, 10 S.Ct. 19, 33 L.Ed. 231 (1889); Orso v. City and County of Honolulu, 56 Hawaii 241, 534 P.2d 489 (Sup.Ct. 1975); Board of Education, School District 16 v. Standhardt, 80 N.M. 543, 458 P.2d 795 (Sup.Ct. 1969); City of Reidsville v. Burton, 269 N.C. 206, 152 S.E.2d 147 (Sup.Ct. 1967); State, Ex Rel., Etc. v. Sergent, Hauskins & Beckwith, 27 Ariz. App. 469, 556 P.2d 23 (Ct.App. 1976); People v. Hale, 320 Ill. App. 645, 52 N.E.2d 308 (App.Ct. 1943).
Plaintiff community college is a political subdivision established by Bergen County pursuant to legislative authorization, N.J.S.A. 18A:64A-1 et seq., but serving a separate purpose and operating apart from the county government. Atlantic Comm. College v. Civil Service Commission, 59 N.J. 102, 107 (1971); Bd. Trustees Mercer Cty. Comm. College v. Sypek, 160 N.J. Super. 452, 459-460 (App.Div. 1978), certif. den. 78 N.J. 327 (1978). The operation of a college-level educational institution drawing its revenues in part from tuition and other payments by students is not an exclusively governmental function or activity, in contrast, for example, to the provision of free public education at the elementary and secondary levels which is exclusively governmental.
Without precedential authority in this state and contrary to strong decisional law authority elsewhere in the United States, *437 we do not extend the benefit of the ancient doctrine of nullum tempus occurit regi to plaintiff community college, a political subdivision, in its action to recover damages in contract and in tort for alleged defective materials and workmanship in the construction of the roof of a college building.
In view of plaintiff's stipulation that its action was barred by the statute of limitations if applicable, we need not and so do not resolve the issue raised on defendant GAF Corporation's cross-appeal from Judge Yanoff's ruling that the controlling statute of limitations was the six-year statute in N.J.S.A. 2A:14-1 and not the four-year statute in N.J.S.A. 12A:2-725(1).
We affirm the order denying plaintiff's motion to strike the defense of the statute of limitations. We dismiss the cross-appeal. We remand for disposition of the two counts against GAF Corporation and Commercial Union Insurance Company as principal and surety on a 20-year roofing bond. We do not retain jurisdiction. No costs to either party.