The City of Chicago, Appellant, *vs.* The Dunham Towing and Wrecking Company, Appellee.

*Opinion filed June 29, 1910—Rehearing denied October 11, 1910.*

Limitations—*statute runs against right of city to recover for damage to a bridge.* While a city holds the title to its streets and bridges in trust for the public, yet it must maintain them at its own expense, and in attempting to recover against a towing company for damage to a bridge caused by a boat colliding with it, the city is seeking to enforce a mere private right and the Statute of Limitations is a defense to the action.

Appeal from the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. William N. Cottrell, Judge, presiding.

Edward J. Brundage, Corporation Counsel, (Charles M. Haft, of counsel,) for appellant.

Michael F. Sullivan, for appellee.

Mr. Justice Cooke delivered the opinion of the court:

On November 18, 1907, the city of Chicago brought suit in the municipal court of Chicago against the Dunham Towing and Wrecking Company to recover damages, amounting to $108, resulting from an injury to certain piles supporting a part of the bridge structure of a bridge across the Chicago river at Fullerton avenue, caused on August 17, 1901, by a schooner coming in contact with them while being towed by one of appellee's tugs. The municipal court held that the action was barred by the Statute of Limitations and rendered judgment for the defendant. The Appellate Court for the First District affirmed that judgment and granted a certificate of importance, whereupon the city prosecuted an appeal to this court.

The case was decided by the municipal court upon an agreed statement of facts, from which it appears that the city of Chicago extended one of its streets, known as Fullerton avenue, across the Chicago river by the construction of a bridge, which was paid for and is maintained out of funds derived solely from general taxation of property lying within the city of Chicago, and that the city of Chicago, in its corporate or private capacity, derives no income or benefit of any nature, kind or description from the said bridge or the use thereof, but that the people residing in the city of Chicago are benefited and convenienced by the use of said bridge as a part of the street. It was a portion of this bridge that was injured by the schooner colliding with it.

The only question presented to this court for determination is whether the Statute of Limitations can be interposed as a defense to the action by the city to recover damages for injuries to the bridge. The rule in this State is, that the statute may be interposed to all actions by municipal corporations to enforce mere private rights but that it is no defense to those involving public rights. (*Board of Supervisors of Logan County* v. *City of Lincoln,* 81 Ill. 156; *Ramsay* v. *County of Clinton,* 92 id. 225; *County of Piatt* v. *Goodell,* 97 id. 84; *School Directors* v. *School Directors,* 105 id. 653; *People* v. *Town of Oran,* 121 id. 650; *Greenwood* v. *Town of LaSalle,* 137 id. 225; *Brown* v. *Trustees of Schools,* 224 id. 184.) Whether or not the Statute of Limitations can be interposed in defense of this action therefore depends upon whether the appellant is seeking to enforce a public or a private right. The contention of the appellant is that the right sought to be enforced is a public right; that while the title to the street in question, of which this bridge is a part, is in the city, it holds that title in trust for the entire public, and is the agent of the State, discharging a governmental duty, when suing with reference to the damage done to the

street, and, like the State itself, is not, under such circumstances, to be subject to the Statute of Limitations. It is true, as the appellant contends, that its title in this street is held in trust for the entire public and is subject to the paramount authority of the State. It is the duty of the appellant, however, at its own expense to keep this street in proper repair and in a fit condition to be used by the public in traveling over and upon it. The public, as such, is in nowise concerned in the repair and maintenance of any part of this street but is only concerned in its right to use the same. The rights of the public will be undisturbed and unaffected whether the city is successful or unsuccessful in this litigation. The authorities relied upon by appellant are all cases where the title to the street was involved, and where streets, or portions of them, were sought to be held by individuals under a claim of adverse possession. In those cases this court properly held that the Statute of Limitations did not run, and they are all of them clearly cases where public rights, alone, were sought to be enforced. The title to the bridge in question is in no way involved in this litigation. No attempt is being made to invade or interfere with the rights of the public in any part of Fullerton avenue. The city is not seeking to oust anyone from the possession of any part of the street, but is simply seeking compensation for damage done to that part of the street which it is the duty of the city to maintain and keep in repair. No public right is involved. The city is seeking to enforce a mere private right, and the Statute of Limitations may properly be pleaded as a defense.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*