(No. 22048.—

THE PEOPLE *ex rel.* Oscar Nelson, Auditor of Public Accounts, *vs.* THE BANK OF RUSHVILLE.—(THE PEOPLE *ex rel.* E. Ross Chitwood, County Collector, Appellee, *vs.* HENRY W. LADEWIG, Receiver, Appellant.)

*Opinion filed February 23, 1934.*

Shaw, J., dissenting.

C. E. Flesher, and Oscar J. Putting, for appellant.

O. D. Arnold, State's Attorney, and B. O. Willard, for appellee.

Mr. Justice Stone delivered the opinion of the court:

Appellee, as county treasurer and *ex-officio* county collector of Schuyler county, filed in the circuit court of that county a petition in the matter of The People *ex rel.* Nelson, Auditor of Public Accounts, *vs.* The Bank of Rushville, pending in that court for the liquidation of that bank, seeking to be allowed to intervene, and for the allowance of certain claims to him as a preferred creditor. Two of these claims are involved in this appeal. One was in the sum of $3882.21 for the personal property tax levied for the year 1930 against the Bank of Rushville. The other was in the sum of $4293.33 for undistributed taxes on deposit in that bank at the time it was closed. These claims were allowed as preferences, and appellant, Henry W. Lade-

wig, receiver of the bank, was directed to pay out in due course the said sums as preferred claims. The receiver appealed to the Appellate Court, and the cause was transferred to this court as the revenue is involved.

Regarding the claim for personal property taxes, it is urged by appellant that it represents taxes on shares of bank stock, which under the ruling of this court is not properly assessable as personal property of the bank. Cases are cited supporting that contention. An examination of the appropriate page of the assessor's book for the town of Rushville, however, discloses that this tax is derived from the assessment of personal property in the sum of $85,700. There is no indication that stock was assessed. The evidence shows the assessment, failure of the bank to pay, the report of the collector to the board of supervisors, and the issuance of a collector's warrant. The evidence discloses no objection to the assessment by the bank. The tax was due and payable.

A claim for taxes is entitled to priority over individual debts. Taxes are levied for the support of the government and take precedence over all other demands against the property owner. The property of the owner may be seized and sold though there may be other liens upon it. Payment of taxes may be enforced to the exclusion of all other creditors. A tax is not a debt nor in the nature of a debt. A debt is a sum of money due by contract, express or implied, or arising out of a judgment, while a tax is a charge on persons or property to raise money for public purposes and operates *in invitum.* (*People* v. *Dummer,* 274 Ill. 637; *Jack* v. *Weiennett,* 115 id. 105; *Dunlap* v. *Gallatin County,* 15 id. 7.) The return of the county collector showing taxes due and unpaid constitutes *prima facie* evidence of the delinquency of such tax. (*Carney* v. *People,* 210 Ill. 434.) The court did not err in awarding the petition of appellee as to the claim for unpaid personal property tax.

Regarding the claim for undistributed taxes deposited in the bank, appellant argues that the evidence shows that the money was not undistributed tax money; that it consisted of promiscuous and miscellaneous funds collected from county officers and other sources, including dog tax, fees, and the like. It appears that appellee is successor to one B. L. Strong as county treasurer and *ex-officio* collector; that appellee took office the first of December, 1930, and that on the 8th of December there was turned over to him the sum of $9223.97 which had been kept on deposit by Strong in the collector's account. In the amount turned over was the sum of $363.56 which did not represent taxes collected. Strong, shortly before turning over the funds in his hands, had placed all moneys in this bank in the treasurer's fund account.

The only witness called at the hearing was Mrs. Lillian Leach, who had for a number of years been deputy county treasurer. She testified that the sum of $4293.33 (the amount of this claim of appellee) remained in the treasurer's account at the time the bank was closed and was undistributed taxes. She testified also that about July 1, 1931, a distribution was made to the different governmental bodies entitled to the taxes; that on April 28 she, at the request of the bank, took to it a number of tax receipts for various tax-payers and received receipts of the bank therefor; that it had been the custom for years to do this for the convenience of tax-payers who paid their taxes at the bank or for whom the bank paid the taxes, and that these taxes, when collected, were deposited by the bank to the credit of the collector; that the taxes of the various property owners represented by these receipts amounted to $11,333.65; that at the time distribution was made in July those taxes had not been deposited to the credit of the collector but they were deposited to his credit on September 2, and that there had been no distribution of taxes after that time. She testified that various checks

had been drawn on this account but none for distribution of the part of the fund due to any governmental body; that after taking the office appellee kept a combined treasurer's and collector's account; that checks had been drawn against that account, but the witness stated positively that there had been no distribution of the taxes collected and on deposit at the bank; that such distribution of those funds was not made in July, because the collector had no credit on his bank book showing the deposit of those moneys until September 2. She testified that the sum of $4293.33 was all moneys undistributed. As we have said, no evidence was offered in contradiction of her testimony. Under this condition of the record appellee's claim comes within the ruling of this court in *People* v. *Bank of Chebanse,* 340 Ill. 124, *People* v. *Farmer's State and Savings Bank,* 338 id. 134, and *People* v. *Farmer's State Bank,* 335 id. 617, and it was not error to allow it as a preference.

Counsel for appellant argue that the court improperly refused to take into consideration, in ordering these claims paid in due course of administration, that there might be other preferred claims. As to each claim the order of the court was that the receiver hold the sum of such claim "as an amount to be preferred against the assets of the said Bank of Rushville to all other claims against the said bank except those claims of persons having an antecedent lien against the assets of the bank." Under the ruling in *People* v. *Bates,* 351 Ill. 439, this was not error. Both of these claims are for taxes, and, as we have indicated, are preferred claims. The general rule appertaining to proration, if need be, of claims of this character will doubtless be observed by the receiver in paying them in due course of administration. As we construe the court's order there should be no difficulty in executing it.

The decree of the circuit court is affirmed.

*Decree affirmed.*

Mr. JUSTICE SHAW, dissenting.