(No. 26207.—

MARGARET C. CLARE, Appellant, *vs.* JAMES C. BELL, County Collector, *et al.* Appellees.

*Opinion filed November 18, 1941.*

WM. P. LOWREY, JR., for appellant.

JAMES E. BURKE, State's Attorney, (JAMES J. LEY, of counsel,) for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

August 19, 1938, the plaintiff, Margaret C. Clare, the owner of a parcel of real estate in the city of Joliet, filed a complaint in the circuit court of Will county against the defendants, the county treasurer and *ex officio* county collector, the county clerk, the State's attorney, and the county of Will, seeking to restrain the collection of any additional taxes, interest, penalties, or costs against her property for the years 1931 to 1936, inclusive. Plaintiff alleged that all general real estate taxes levied against her property for the years named had been fully paid. She had not, however, paid the penalties on the delinquent taxes. By their answer, as amended, defendants denied that the taxes, penalties, interest and costs levied and assessed against plaintiff's property for the years in question had been paid in full. Answering further, defendants averred that the judge of the county court of Will county had illegally attempted to abate or reduce a portion of the penalties by making a memorandum on a tax receipt given by the county treasurer stating that the penalties on the unpaid taxes were abated; that no evidence was heard, the parties interested were not notified, and no hearing had

before the court; and that, in consequence, the attempted abatement or reduction was void. The cause was heard on the pleadings, and a decree entered declaring void the abatement made by the judge of the county court and dismissing the complaint for the want of equity. Plaintiff prosecutes a direct appeal, the revenue being involved.

Defendants maintain that the county court exceeded its jurisdiction in attempting to abate or reduce the taxes and penalties. Plaintiff asserts here, as in the circuit court, that her action is not predicated upon the question of authority to abate or reduce the penalties on real estate taxes but that her complaint, instead, is based on the theory that the defendants are barred by section 14 of the Statute of Limitations (Ill. Rev. Stat. 1941, chap. 83, par. 15, p. 1997) and the doctrine of equitable estoppel from attempting to enforce or collect penalties from her for the non-payment of general real estate taxes for the year 1931 to 1936. In effect, plaintiff concedes the illegality of the abatement of penalties.

The single issue requiring consideration is the determination of whether penalties on taxes for the years 1931 to 1936 on plaintiff's real estate are legally collectible. Plaintiff contends, and defendants deny, that these penalties are "statutory penalties," within the contemplation of section 14 of the Statute of Limitations which ordains: "Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, * * * shall be commenced within two years next after the cause of action accrued." The quoted provision does not purport to include the State of Illinois, counties, cities, or other municipal corporations within the limitation prescribed. It is established that unless the terms of a Statute of Limitations expressly include the State, county, municipality or other governmental agencies, the statute, so far as public rights are concerned, as distinguished from private and local rights, is inappli-

cable to them. *People* v. *Wascher,* 349 Ill. 114; *People* v. *Hamill,* 259 id. 506; *Brown* v. *Trustees of Schools,* 224 id. 184.

Reliance by plaintiff upon *People* v. *Nash,* 364 Ill. 224, cannot avail her. The authority invoked merely holds that the phrase, "all such collections on account of interest," in section 177 of the Revenue act, covers interest and penalties collected on forfeited real estate, as provided in section 129, as well as the interest provided in section 177, and that such interest and penalties are to be paid over to the county, and not to the various taxing bodies "in like manner as other taxes," as only the principal of the taxes is to be so distributed. It does not follow that an action for the collection of penalties on real estate taxes is an action for a "statutory penalty" within the contemplation of section 14 of the Statute of Limitations. In construing a statute, courts are not confined to the literal meaning of the words used. A situation which is within the intention is regarded within the statute although not within the letter. Conversely, a situation within the letter is not within the statute unless within the intention. (*U. S. Industrial Alcohol Co.* v. *Nudelman,* 375 Ill. 342; *People* v. *McEldowney,* 308 id. 575; *Uphoff* v. *Industrial Board,* 271 id. 312.) Had the General Assembly intended to include the State or other governmental units within the purview of section 14 appropriate language to accomplish this purpose would undoubtedly have been employed. Manifestly, we cannot, under the guise of construction, extend the bar of the two-years' Statute of Limitations, in the absence of a specific legislative command.

Nor does the doctrine of equitable estoppel aid the plaintiff. Public policy forbids the application of the doctrine of estoppel to a sovereign State where the public revenues are involved. (*People* v. *Illinois Woman's Athletic Club,* 360 Ill. 577; *People* v. *Woods,* 354 id. 224; *People* v. *Brown,* 67 id. 435.) "The general rule," this court said in *People* v.

*Woods, supra,* "is that the neglect or omission of public officers cannot work an estoppel against the State." *People* v. *Brown, supra,* is to the same effect. A county is a public corporation, which exists only for public purposes, connected with the administration of the State government. (*Wetherell* v. *Devine,* 116 Ill. 631.) Again, it has been pertinently observed (*County of Cook* v. *City of Chicago,* 311 Ill. 234) that counties are "local subdivisions of the State created by the sovereign power of the State of its own will. * * * County and township organizations are created in this State with the view to aid in carrying out the policy of the State at large for the administration of matters of political government, finance, education, taxing, care of the poor, military organizations, means of travel and the administration of justice." In short, the doctrine of equitable estoppel does not apply to a county, a mere political subdivision of the State, and, particularly, in the collection of its revenues by taxation.

The decree of the circuit court is right, and it is affirmed.

*Decree affirmed.*