(No. 37351— No. 37421—

The People *ex rel.* Daniel P. Ward, State's Attorney, Appellee, *vs.* Leland H. Rayson, Justice of the Peace, Appellant—People *ex rel.* Frank H. Masters, State's Attorney, Appellant, *vs.* Robert R. Buchar *et al.,* Appellees.

*Opinion filed February 1, 1963.*

Joseph E. Brunswick, of Blue Island, and Thomas R. Casey and Joseph J. Kozlowski, both of Markham, for appellant.

Daniel P. Ward, State's Attorney, of Chicago, (Edward E. Plusdrak and Thomas A. Hett, Assistant State's Attorneys, of counsel,) for appellee.

William G. Clark, Attorney General, of Springfield, and Frank H. Masters, State's Attorney, of Joliet, (Wil-

LIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for appellant.

JOHN F. CIRRICIONE and ANTON B. MUTZ, both of Joliet, for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

This is an appeal by respondent from a judgment order of the circuit court of Cook County that a peremptory writ of *mandamus* issue, directed to the respondent, Leland H. Rayson, a justice of the peace in Bremen Township, Cook County. The writ commanded him to docket, issue summons, and hear 25 actions of debt for the collection of delinquent 1960 Cook County personal property taxes. Each suit was for $1,000 or less. The petition for the writ was filed on behalf of the State of Illinois on the relation of the State's Attorney. The matter was heard upon the petition, the answer of respondent, and a written stipulation entered into by the respective parties to this suit. In his answer respondent denied that justice of the peace courts have jurisdiction over suits to collect the taxes and specifically alleged that sole and exclusive original jurisdiction is vested in the county courts by virtue of section 18 of article VI of the Illinois constitution of 1870, the pertinent part of which reads as follows: "County Courts shall be courts of record, and shall have original jurisdiction * * * in proceedings for the collection of taxes and assessments, * * *." Thus, a constitutional question involving the construction of the foregoing provision was raised, giving this court jurisdiction to hear and determine this case on direct appeal.

Both parties to this suit agree that the only question involved is whether justice of the peace courts have jurisdic-

tion to hear and determine cases for the collection of delinquent personal property taxes.

The principal contention of respondent is that the county courts under the constitution have exclusive jurisdiction to hear and determine such suits, arriving at that conclusion by construing the words "original jurisdiction" in the constitutional provision to mean "exclusive jurisdiction." In addition, defendant relies heavily on the case of *People ex rel. Masters* v. *Buchar,* 36 Ill. App. 2d 237, decided by the Appellate Court, Second District, which held in effect that justices of the peace were without jurisdiction to hear and determine suits for the collection of delinquent personal property taxes and that such jurisdiction was vested exclusively in the county courts. In that case the People, on relation of the State's Attorney of Will County, obtained a writ of *mandamus* in the circuit court of said county directing the defendant there, a justice of the peace, to docket, hear and determine a number of suits for the collection of delinquent personal property taxes, but on appeal the Appellate Court, Second District, reversed. Subsequently, upon the petition of the People we granted leave to appeal and that case is now pending in this court as Docket No. 37421. Upon oral argument this case has been consolidated with the present case for opinion. We find the issues to be the same in both cases and the decision herein shall be decisive as to both cases.

It is well settled that a delinquent personal property tax is a personal liability of the taxpayer and may be collected in an action for debt. (*People* v. *Holmstrom,* 8 Ill.2d 401; *Department of Revenue* v. *Joch,* 410 Ill. 308; *People ex rel. McDonough* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 354 Ill. 438; *People ex rel. Carr* v. *Chicago and Northwestern Railway Co.* 322 Ill. 150; *Town of Geneva* v. *Cole,* 61 Ill. 397.) Under the provisions of the sixth paragraph of section 1 of article II of the act relating to justices and constables, (Ill. Rev. Stat. 1961, chap. 79,

par. 16,) jurisdiction is conferred on justices of the peace when the amount claimed does not exceed $1,000 in suits where the action of debt or assumpsit lies. The proposed suits tendered for filing, hearing and determination to the respondent, being actions in debt, were, under the provisions of the statute, within the jurisdiction of the respondent justice of the peace.

To reach the conclusion sought by respondent would require us to construe the words *"original* jurisdiction", as set forth in section 18 of article VI of the constitution of 1870 as meaning *"exclusive* jurisdiction" in proceedings for the collection of taxes and assessments. This we are not prepared to do. Within three years after the adoption of the constitution we had occasion to construe section 18 of article VI of the constitution, in the case of *Hundley & Rees* v. *Commissioners of Lincoln Park,* 67 Ill. 559, where we said, "The provision is, in substance, that county courts shall have original jurisdiction in proceedings for the collection of taxes and assessments. There is nothing in this clause requiring us to hold that, by this grant of original jurisdiction in the specified cases to county courts, it is, necessarily, exclusive." There is nothing so unique or different about a suit to collect delinquent personal property taxes as to require us to hold that such cases can be instituted only in the county court.

There remains but one more point to consider and that is the contention of respondent that the same constitutional provision which vests the county courts with original jurisdiction in matters of probate also gives county courts original jurisdiction in proceedings for collection of taxes, stating that consistency ought to require similar construction of the constitutional provision concerning the provision for the collection of taxes. This is not necessarily so. There is, of course, a vast difference between causes at law, sounding in debt or assumpsit, and matters of probate. Under our constitution and existing laws the county court has concur-

rent jurisdiction, with the circuit court and justice of the peace courts in the matter of entertaining actions at law, in debt or assumpsit. This is not true of these courts as to probate matters. Probate proceedings were unknown at common law and are purely statutory, while collection of taxes have long been "law" cases and known to the common law. Probate matters are unique in that they are neither actions at law nor in equity. Considering this distinction we see nothing inconsistent in holding that under the language of section 18 of article VI, the words "original jurisdiction" as to matters of collection of taxes does not vest exclusive jurisdiction in the county courts, (*Hundley* v. *Commissioners of Lincoln Park,* 67 Ill. 559,) but may do so as to matters of probate. *People ex rel. Houghland* v. *Leonard,* 415 Ill. 135.

The judgment of the circuit court in case No. 37351 is affirmed, and the judgment of the Appellate Court in case No. 37421 is reversed.

*No. 37351, Judgment affirmed.*
*No. 37421, Judgment reversed.*