133 Ill. App.3d 164 (1985)
478 N.E.2d 1102
THE PEOPLE ex rel. DEPARTMENT OF TRANSPORTATION, Plaintiff-Appellant,
v.
ROY MOLTER et al., Defendants (Peterbilt Truck, Defendant-Appellee).
No. 84-927.
Illinois Appellate Court  First District (4th Division).
Opinion filed May 9, 1985.
Neil F. Hartigan, Attorney General, of Springfield (Kathryn A. Spalding, Assistant Attorney General, of Chicago, of counsel), for appellant.
Jon F. Schmoll, of Merrillville, and Mark Hellmann, of Chicago, for appellee.
Reversed and remanded.
JUSTICE LINN delivered the opinion of the court:
On June 28, 1983, plaintiff, People of the State of Illinois ex rel. Department of Transportation, brought an action against defendant, Peterbilt Truck, a corporation, to recover money damages for expenditures it incurred or projected it would incur in repairing a light pole and four sections of guardrail owned and maintained by the State of Illinois on Interstate 94K. The damage was the result of a collision between two semi-tractor trucks on the Kingery Expressway on July 27, 1977. The circuit court of Cook County dismissed plaintiff's complaint against Peterbilt Truck as barred by the statute of limitations. (Ill. Rev. Stat. 1981, ch. 110, par. 13-205.) Plaintiff appeals, contending that the statute of limitations cannot be interposed as a defense to an action by the State (Department of Transportation) to recover *165 for damage to a State owned and maintained light pole and four sections of a guardrail.
We reverse.

BACKGROUND
The damage complained of was the result of a collision on July 27, 1977, between a Peterbilt semi-tractor driven by Michael Molter and a Kenworth semi-tractor and trailer driven by James S. McGary. On January 30, 1980, plaintiff filed a complaint against Michael Molter, Ray Molter and James S. McGary seeking $1,943.00 in damages to State property caused by defendants' alleged negligence.
On June 28, 1983, plaintiff filed its first amended complaint naming Peterbilt as a defendant. A second amended complaint reiterated the allegations against Peterbilt. Defendant, Peterbilt, moved on December 22, 1983, to have plaintiff's claim against it dismissed. Defendant argued that plaintiff's claim was barred by the statute of limitations (Ill. Rev. Stat. 1981, ch. 110, par. 13-205), which provides that actions to recover damages for injury to property shall be commenced within five years. At the time Peterbilt was named a defendant, more than five years had elapsed from the date upon which plaintiff's cause of action accrued.[1] Plaintiff argued that the statute of limitations will not run against the State when causes sought to be asserted involve "public" rights. The circuit court dismissed plaintiff's complaint against Peterbilt. The court found the magnitude of the damage in this case to be too small to affect the general public, holding that an action for damage to one light pole and four sections of guardrail is the right of the Department of Transportation or a small distinct subsection of the public, rather than the public at large.

OPINION
The only question before this court is whether the Department of Transportation's claim against defendant, Peterbilt Truck, is barred by the statute of limitations. The practice in this State has been to determine whether the right which the plaintiff government unit seeks to assert is in fact a right belonging to the general public, or whether it belongs only to the government or some small distinct subsection of the public at large. (City of Shelbyville v. Shelbyville Restorium, *166 Inc. (1983), 96 Ill.2d 457, 451 N.E.2d 841.) In accordance with this rationale, we must determine whether, in bringing this action for damages to a light pole and four sections of a guardrail, the Department of Transportation is seeking to enforce a right belonging to the general public, or whether it belongs only to the Department of Transportation or to some small subsection of the public, as the circuit court has held.
Plaintiff contends that it is not barred from bringing this action, and that the circuit court failed to correctly apply the rule of the Illinois Supreme Court in City of Shelbyville v. Shelbyville Restorium, Inc. (1983), 96 Ill.2d 457, 451 N.E.2d 841. Defendant argues that plaintiff's action is barred under City of Chicago v. Dunham Towing & Wrecking Co. (1910), 246 Ill. 29, 92 N.E. 566, in which our supreme court determined that an action for loss to a bridge that constituted part of the public roadway was a "private" action. We disagree with defendant's reasoning that Shelbyville merely held Dunham inapplicable to a cause of action for recovery of damages for building and maintaining streets which did not conform to a city ordinance.
In Dunham, the court based its holding on a distinction between title to public ways and claims for compensation for damages to them. The court viewed the public as having an interest only in the ability to use the street, as distinguished from the ability of the city to maintain the roadway. (City of Chicago v. Dunham Towing & Wrecking Co. (1910), 246 Ill. 29, 92 N.E. 566.) This line of reasoning was expressly rejected by the Shelbyville court as "unrealistic and overly technical." City of Shelbyville v. Shelbyville Restorium, Inc. (1983), 96 Ill.2d 457, 465, 451 N.E.2d 874, 878.
In overruling Dunham, the Shelbyville court noted that the question of paramount importance in a statute of limitations immunity case is the question of "who would be benefited by the government's action and who would lose by its inaction." (96 Ill.2d 457, 462, 451 N.E.2d 874, 877.) Thus, the Shelbyville case requires that our courts look to the nature rather than the amount of the damaged interest in order to determine whether the plaintiff government unit is seeking to enforce a public or private right.
In applying this standard to the facts in Shelbyville, our supreme court weighed three factors: (1) the effect of the interest on the public; (2) the obligation of the government unit to act on behalf of the public; and (3) the extent to which the expenditure of public revenues is necessitated. 96 Ill.2d 457, 464-465, 451 N.E.2d 874, 878.
Like the city of Shelbyville, here, the Department of Transportation has an obligation to act on behalf of the public in constructing *167 and maintaining public roadways and highways in this State. (Ill. Rev. Stat. 1983, ch. 121, pars. 4-201, 4-405, 4-409; see Zacny v. Sasyk (1975), 30 Ill. App.3d 93, 332 N.E.2d 568.) Likewise, the General Assembly has determined that the system of highways and streets is essential to the general welfare of the people of this State. (Ill. Rev. Stat. 1983, ch. 121, par. 1-102.) Thus, the Department's action against Peterbilt Truck seeks to enforce the public's claim to maintenance of the roadways for accident reduction and overall public safety. Although the Department arguably receives a benefit by recovering expenditures used to repair the damaged light pole and sections of guardrail, it is apparent that it is the public at large who has occasion to use and depend on the government's proper maintenance and repair of the roadway. Likewise, it is the public at large who will be endangered in its passage on the roadway if it were left in disrepair due to the inaction of the State.
Finally, it is obvious that repair of the light pole and guardrail in this case has necessitated the expenditure of public funds. These funds are provided by all drivers in Illinois. (Ill. Rev. Stat. 1983, ch. 127, par. 144.3.) Defendant argues that this is not to be the determinative test of whether the State is acting to enforce a private or public right, and we do not read Shelbyville as holding otherwise. However, the expenditure of public funds is clearly one of the factors which constitutes the nature of the right that the Department of Transportation seeks to enforce in this case.
We find that the public is directly interested in the expenditure of public revenues for the purposes of highway safety, and that this contributes to the overall public nature of the damaged interest in this case. See Greenwood v. Town of LaSalle (1891), 137 Ill. 225, 229 (municipality's right to collect local property taxes ruled "public" because "taxes may be levied for purposes in which the public, generally, are directly interested, such as `constructing or repairing roads, bridges or causeways' within the town").
We conclude that the public right to properly constructed and maintained highways provides the proper basis for the Department of Transportation's claim against Peterbilt, one which is not barred by the statute of limitations. The concerned circuit court, focusing merely upon the quantum of damages sustained by the State, reached the erroneous conclusion that the Department seeks only to enforce a private right. However, the nature of the damaged interest in this case unequivocally characterizes the Department of Transportation's action as a public right.
We acknowledge that this holding is contrary to Dunham, but our *168 view is that the Shelbyville decision more directly addressed the instant issue. We are unable to find merit in defendant's arguments that the enforcement of a public right is dependent upon the allegation of violation of a specific statutory enactment (see People ex rel. City of Chicago v. Commercial Union Fire Insurance Co. (1926), 322 Ill. 326, 153 N.E. 488 (whether a city's action was public or private held not to be controlled by the origin of the city's rights in a private contract or local ordinance)); or, that the damaged interest must impede the Department in carrying out its basic governmental function. Cf. Clare v. Bell (1941), 378 Ill. 128, 37 N.E.2d 812 (where an action against a single citizen for collection of delinquent taxes was deemed a public right presumably because public revenues were involved).
For the reasons stated above, we reverse the decision of the circuit court dismissing plaintiff's complaint against defendant, and remand with instructions that Peterbilt Truck be reinstated as a defendant in this case.
Reversed and remanded, with directions.
JIGANTI, P.J., and JOHNSON, J., concur.
NOTES
[1] The collision which allegedly damaged the State's property occurred on July 27, 1977. Under section 13-205 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 13-205), plaintiff's action should have been filed by July 27, 1982. Peterbilt was first named as a defendant on June 28, 1983, nearly six years after the occurrence.