THRALL CAR MANUFACTURING COMPANY, Plaintiff-Appellant, v. SALLY A. WARD, Director of Employment Security, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 86—3376

Opinion filed December 28, 1987.

Seyfarth, Shaw, Fairweather & Geraldson, of Chicago (Robert J. Paley and Catherine E. Carpenter, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for appellees.

PRESIDING JUSTICE QUINLAN delivered the opinion of the court:

Thrall Car Manufacturing Company (Thrall) appeals the decision of the circuit court of Cook County which affirmed an order of the Department of Employment Security (Department) which had affirmed the determination of Sally A. Ward, Director of Employment Security (Director), that Thrall had underpaid its required contributions to the unemployment insurance fund in 1980 and 1981, and, as a result, had accrued an unpaid liability as of June 1984 in the amount of $348,511.79. The order also upheld the Director's ruling that the Department's method of applying Thrall's August 1984 payment to both the unpaid contributions and interest, contrary to Thrall's directive, was proper. Accordingly, the order found that the contributions for 1981 were left unpaid and continued to accrue interest after August 17, 1984, the date Thrall had attempted to tender full payment of the unpaid contributions, absent the interest which was due.

Thrall had contested the Department's method of payment application by filing a formal protest with the Department. A hearing was held before a referee, evidence was received from Thrall and the Department, and a report was issued which affirmed the Department's action. Thrall appealed the referee's decision to the Director, and ultimately to the circuit court of Cook County by filing the present suit for administrative review. In each instance, the payment method was upheld and Thrall's contention that the Department was required to follow Thrall's contention that the Department was required to follow Thrall's unilateral designation of the manner in which the payment was to be applied was rejected. Thrall now has filed this appeal seeking a reversal of the judgment of the circuit court of Cook County and challenging the authority of the Director and the Department to

apply Thrall's payment contrary to Thrall's direction and designation. Thrall further contends that the Department's method results in an illegal charge of interest on interest.

The initial dispute between Thrall and the Department began when Thrall, on the advice of its tax adviser, paid its quarterly unemployment contributions to the Department in the years 1980 and 1981 at an incorrect rate, which resulted in the underpayment. On November 8, 1983, the Department issued a notice of determination and assessment and demand for payment against Thrall and asserted that a payment in the amount of $348,549.60 plus interest was due. In June 1984 the Director redetermined Thrall's liability to be $348,511.79 plus interest, and, after Thrall did not pay this amount, the Department filed a lien against Thrall's assets.

Subsequently, on August 17, 1984, Thrall submitted a payment of $348,511.79 and attached a letter directing that the Department apply the payment to satisfy the total amount due in unpaid contributions "[i]n order to eliminate any liability for any additional interest which might be due" for untimely payments in 1980 and 1981. Additionally, Thrall tendered a $289,010 surety bond, which represented 125% of the interest due as of August 17, 1984. In its letter designating the payment application, Thrall further stated that its payment of the $348,511.79 should not be construed as a waiver of its objections. A Department employee gave Thrall a written acknowledgment of the receipt of the check and bond, and the Director simultaneously issued a certificate of release of lien of Thrall's assets. However, contrary to Thrall's directives, the Department, as noted earlier, applied the payment first to unpaid interest and contributions from 1980 and only then to 1981 unpaid contributions.

Thrall formally objected to this application, protested its assessment for past due contributions and petitioned the Department for a hearing. In October 1984 a hearing was held and testimony was presented by both Thrall and the Department. Thrall's comptroller testified as to contributions paid in 1980 and 1981 and a Department representative testified who admitted during her testimony that Thrall was entitled to certain credits that had not been included in the previous assessment. Based on the evidence presented at the hearing, the Department issued a report in January 1985 recommending a modification of the determination and assessment to $312,777.66 plus interest. Although the issue of the payment application was not addressed at the hearing, Thrall objected to the new determination filed with the Director and also, *inter alia*, challenged the method which the Department had used in applying its original $348,511.79 payment to

the past due amount. In May 1985 the Director issued a final administrative decision, which adopted the assessment modification set out in the hearing officer's report, concluded that there had been no agreement between the Department and Thrall concerning the application of Thrall's original payment, and found that the Department's method of applying the payment to the outstanding amount due was proper.

Thrall argues in this appeal that it had the right to unilaterally designate how its payment was to be applied to the alleged unpaid unemployment insurance contributions, both as a matter of statutory law and common law. Thrall contends that the Department's own regulations (56 Ill. Adm. Code §2765.45(a) (1985)) permit an employer to unilaterally designate the yearly quarter payment to which a previously unpaid contribution should be applied in any given year, and only if no designation is made must the payment under the regulations be applied first to penalties and interest, before it will be applied to any unpaid contributions, beginning with the oldest unpaid quarters (56 Ill. Adm. Code §2765.45(b) (1985)). Thus, Thrall asserts that since the regulations permit an employer to designate to which quarter its payment of an outstanding contribution premium is to be applied, it was also entitled to unilaterally designate that its tendered payment be applied to the outstanding contributions and not to the penalties. Furthermore, Thrall argues, since the alternative payment sequence only applies in those instances where no payment designation has been made, and since a designation was made by Thrall, it cannot apply here.

Thrall additionally contends that it also has a common law right to designate how an alleged unpaid contribution payment should be applied by the Department, citing *Electric Supply Corp. v. Osher* (1982), 105 Ill. App. 3d 46, 433 N.E.2d 732. In *Electric Supply Corp.* this court held that "[a] debtor has the right to direct the creditor to apply payment to any combination of outstanding debts he chooses." (105 Ill. App. 3d at 50, 433 N.E.2d at 735.) Thrall, accordingly, concludes that, even if it did not have the right to unilaterally designate the method of payment application under the regulation, it had the right to do so as a matter of common law, by reason of the debtor-creditor relationship it had with the Department. Moreover, because of the fact that the Department accepted the payment and released the lien, the Department had, thus, agreed to follow Thrall's designation and was thereafter contractually bound to apply the payment according to Thrall's directive.

The Department, on the other hand, argues that Thrall's unilateral designation of how its payment was to be applied was not binding

on it for several reasons. First, the Department contends that its relationship with Thrall is not one of debtor-creditor and, thus, the rule permitting a debtor to designate payment application does not apply. Second, the Department argues that even if Thrall could establish that an agent of the Director had accepted its unilateral designation, the Department, as a State agency, cannot, nevertheless, be estopped from applying its long-standing rule of payment distribution. And, finally, the Department's regulations do not authorize an employer to designate that contributions must be extinguished before the interest due for that quarter is extinguished, and any such interpretation would be contrary to the statute. Thus, the Department asserts that its administrative determination that Thrall's payment had been properly applied is correct, and the circuit court's judgment should be affirmed.

■ The circuit court, as noted earlier, had ruled against Thrall on these contentions. The trial court found Thrall did not have the common law right to unilaterally designate its payment application and that no agreement existed to otherwise contractually bind the Department to Thrall's directive. The court noted that Thrall's proposed interpretation of the Department's payment application rule would permit Thrall to extinguish its contribution liability without paying its interest penalty for the late payments on that quarter. This interpretation, the court found, was contrary to the intention of the interest provisions of the unemployment insurance statute (Ill. Rev. Stat. 1985, ch. 48, par. 551), which not only mandates the accumulation of interest on unpaid contributions, but also does not permit the Director to waive its application to any employer. Additionally, the court found the Department's interpretation of its regulation concerning a payment application in a "first-in first-out" manner, in which payments are applied first to unpaid interest penalties and then to the oldest quarters of unpaid contributions, was an acceptable accounting method. Consequently, the trial court entered judgment in favor of the Director and the Department and against Thrall.

We agree with the trial court's findings and further note that the cases cited by Thrall in support of its argument that it had a unilateral right to designate the manner of applying its payment (*People ex rel. Ward v. Rayson* (1963), 27 Ill. 2d 78, 188 N.E.2d 39; *People ex rel. Masters v. Buchar* (1962), 36 Ill. App. 2d 237, 183 N.E.2d 531), are all common law actions for debt and, as such, apply only to agreements executed for the purpose of payment or settling personal liabilities (*In re Avildsen Tools & Machine, Inc.* (7th Cir. 1986), 794 F.2d 1248; *Senn v. Commerce-Manchester Bank* (Mo. 1982), 630 S.W.2d

571; *Griffin Wellpoint Corp. v. Engelhardt, Inc.* (1980), 92 Ill. App. 3d 252, 414 N.E.2d 941; *Electric Supply Corp. v. Osher* (1982), 105 Ill. App. 3d 46, 433 N.E.2d 732). These cases do not apply to payments, such as here, that are made on State assessments. Furthermore, the unpaid contributions here are not in the nature of "debts" but rather the payments, as assessments for a State-mandated unemployment insurance fund, are akin to the payment of taxes. As our supreme court in *People v. Dummer* (1916), 274 Ill. 637, 643, 113 N.E. 934, 936, stated: "A claim for taxes is not a debt and does not create the relation of debtor and creditor or rest upon contract, express or implied." Later, in *People ex rel. Nelson v. Bank of Rushville* (1934), 355 Ill. 336, 189 N.E. 299, the court further distinguished a tax obligation from that of a private contract, noting that taxes are by their nature involuntary and that "[a] tax is not a debt nor in the nature of a debt. A debt is a sum of money due by contract, express or implied, or arising out of a judgment, while a tax is a charge on persons or property to raise money for public purposes and operates *in invitum.*" (355 Ill. at 338.) Thus, the trial court properly found that Thrall did not have the common law right to unilaterally designate payment, as a debtor would have had in settling a private liability.

■ Furthermore, Thrall's contention that the Department is estopped by the acts of the Director's agent in acknowledging receipt of the bond and releasing the lien is also without merit. It is well settled that neither acts of omission nor commission of an employee can estop a governmental unit, which exists only for public purposes, from performing its statutory duties of assessing and collecting revenues on behalf of the public. See *Skillet Fork River Outlet Union Drainage District v. Central Lumber Co.* (1964), 31 Ill. 2d 312, 316, 201 N.E.2d 447, 450; *Clare v. Bell* (1941), 378 Ill. 128, 37 N.E.2d 812; *People ex rel. Smith v. Woods* (1933), 354 Ill. 224, 188 N.E. 369.

■ Finally, we also reject Thrall's argument that, even if the Department had the authority to apply the payment according to its interpretation of its rules and contrary to Thrall's designation, the Department's interpretation of its rules would result in an illegal charge of interest on interest. Thrall submits that in August 1984, when the Department received its payment for the unpaid principal, the Department had been paid the entire amount of unpaid contributions and, therefore, there was no reason for further interest to accrue. This argument, however, is premised on Thrall's designation of how its payment was to be applied. If the Department had used Thrall's payment to extinguish all unpaid contributions from 1980 and 1981, then any interest assessed thereafter would be assessed on unpaid interest for

those years and not on any unpaid contributions. Accordingly, it would have arguably constituted a charge of interest on interest. We find, however, that the interest which continued to accrue against Thrall, after its August 1984 payment, was on unpaid contributions for 1981 quarters under the Department's method and, thus, did not result in an accrual of interest on interest as Thrall has alleged.

■ We further find that the Department's "first-in first-out" method, which the Department asserts it has used without exception since 1956, is based on an accounting principle that Illinois courts have recognized and approved of in other instances. (See, *e.g.*, *Griffin Wellpoint Corp. v. Engelhardt* (1980), 92 Ill. App. 3d 252, 414 N.E.2d 941 (first-in, first-out method of tracing funds approved by court); *Cohen v. City of Chicago* (1941), 377 Ill. 221, 234, 36 N.E.2d 220, 226 (payments made on interest-bearing indebtedness "should be applied first to the payment of the accrued interest and the balance to the principal"); *In re Estate of Cunningham* (1924), 311 Ill. 311, 142 N.E. 740, 742 (where both principal and interest are due, "partial payments made on account will be applied first to the payment of interest already due and then to the payment of principal").) Hence, we agree with the trial court that the Department's method of applying Thrall's payment to interest and then to the unpaid contributions for the oldest quarters first was a proper accounting method. We further concur with the trial court that the additional interest which thereafter accrued on the unpaid contributions was, as a result, in accordance with the statutory mandates and did not, as has been observed above, constitute an improper interest charge.

For all these reasons, we find that the Director was not required to follow Thrall's unilateral designation of payment application and that the Department's application of Thrall's August 17, 1984, payment first to unpaid interest and then to unpaid contributions was neither an abuse of discretion nor contrary to statutory mandates. Accordingly, we affirm the judgment of the circuit court of Cook County in this matter.

Judgment affirmed.

CAMPBELL and MANNING, JJ., concur.