THE PEOPLE *ex rel.* THE DEPARTMENT OF PUBLIC AID, Plaintiff-Appellant, v. WILLIE DENT *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—91—3754

Opinion filed March 31, 1993.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, of Chicago, of counsel), for appellant.

Levenfeld & Gold, of Chicago, for appellees.

JUSTICE CERDA delivered the opinion of the court:

Plaintiff, the People of the State of Illinois *ex rel.* the Illinois Department of Public Aid, appeals from the dismissal of its complaint against defendants, Willie and Laura Dent, pursuant to Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)) for lack of diligence in service. The State argues that Rule 103(b) did not apply to its action to recover public assistance benefits because no statute of limitations applied to such an action. We reverse and remand.

The issue in this case is whether a complaint by the State of Illinois to recover public assistance benefits paid to defendants is subject to dismissal for lack of diligence pursuant to Supreme Court Rule 103(b).

On October 31, 1989, the State filed a complaint that alleged the following. From August 1975 through March 1976 and from February 1977 through April 1979, defendants received public assistance from the State of Illinois. Defendants were under a statutory duty to promptly notify the Illinois Department of Public Aid of any change of income. There was a change in defendant Laura Dent's employment from December 16, 1974, through January 1982. As a result of earnings from her employment, there was an overissuance of public assistance in the amount of $15,324.79.

A summons was issued on October 31, 1989, to serve defendants at 1514 E. 80th Street in Chicago. Service was attempted on November 5 and 7, 1989. An alias summons was issued on June 5, 1991, to serve defendants at 5652 S. Wells in Chicago. Service was made on June 18, 1991. Defendants filed an appearance on July 2, 1991.

On August 9, 1991, defendants filed a motion to dismiss the complaint pursuant to Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)) based on a lack of due diligence in serving them. Defendants alleged that they had continuously lived in Chicago and were listed in the telephone directory between the dates of the filing of the complaint and service.

The motion to dismiss was granted, and the complaint was dismissed with prejudice.

The State argues on appeal that: (1) a statute of limitations cannot be asserted against it in actions involving public rights unless the statute expressly abrogates the governmental limitations immunity; (2) no statute of limitations applied to this action; and (3) therefore, Supreme Court Rule 103(b) did not apply. As defendants concede that the State's action is not governed by a specific statute

of limitation, the issue is whether the State is subject to Rule 103(b), which states:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." 134 Ill. 2d R. 103(b).

■ The purpose of Rule 103(b) is to protect defendants from unnecessary delay in the service of process on them and to prevent the circumvention of statutes of limitations. (*Segal v. Sacco* (1990), 136 Ill. 2d 282, 286, 555 N.E.2d 719.) Prevention of intentional delay in service of summons until after expiration of a statute of limitations was a primary reason for the rule. *Segal,* 136 Ill. 2d at 286.

■ There is a doctrine of governmental immunity from statutes of limitations. It is based on the policy judgment that the public should not suffer because of the negligence of its officers and agents in failing to promptly assert causes of action belonging to the public. (*City of Shelbyville v. Shelbyville Restorium, Inc.* (1983), 96 Ill. 2d 457, 461, 451 N.E.2d 874; see also *Board of Education v. A, C & S, Inc.* (1989), 131 Ill. 2d 428, 546 N.E.2d 580.) The test is whether the right that plaintiff governmental unit seeks to assert is in fact a right belonging to the general public or whether it belongs only to the government or to some small and distinct subsection of the public at large. *Shelbyville,* 96 Ill. 2d at 462; see, *e.g., Winakor v. Annunzio* (1951), 409 Ill. 236, 249, 99 N.E.2d 191 (belated change of variable contribution rate by Department of Labor permitted because it was in aid of the public purpose of relieving unemployment); *Clare v. Bell* (1941), 378 Ill. 128, 130-31, 37 N.E.2d 812 (action to collect penalties on delinquent property taxes allowed to proceed, apparently because the right to collect them was "public"); *People ex rel. City of Chicago v. Commercial Union Fire Insurance Co.* (1926), 322 Ill. 326, 153 N.E. 488 (action to impose city license fee on a foreign fire insurance company held "public" because the proceeds would benefit city's fire department); *City of Chicago v. Dunham Towing & Wrecking Co.* (1910), 246 Ill. 29, 92 N.E. 566 (city's interest in recovering damages for destruction of bridge which it was under obligation to maintain held "private").

██ Where a statute of limitations expressly includes the State or other governmental agencies, the governmental limitations immunity does not apply. *County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 152-53, 485 N.E.2d 1076.

██ *People ex rel. Powell v. Luttrell* (1970), 130 Ill. App. 2d 241, 245, 264 N.E.2d 737, which involved a motor vehicle tax, held that the State was not barred by Rule 103(b) because the rule's purpose was to prevent the circumvention of a statute of limitations and because no statute of limitations applied to the State's action for the collection of taxes. There was no logical relationship between the rule's standard of reasonable diligence and the State's action to collect taxes because of the absence of an applicable statute of limitations. (*Powell*, 130 Ill. App. 2d at 245.) The rule requiring a plaintiff to exercise reasonable diligence in obtaining service of process is intended to supplement the function of a statute of limitations. *Powell*, 130 Ill. App. 2d at 245.

The same reasoning should apply to the State's action here. The trial court erred in dismissing the State's complaint.

Defendants make the argument that the complaint was properly dismissed because there is a "conflict" between Supreme Court Rule 103(b) and the absence of any statutory provision limiting the State in recovering public assistance overpayments. There is no conflict; the rule simply does not apply.

The judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.

TULLY, P.J., and GREIMAN, J., concur.