# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *In re Estate of Deuth*, 2013 IL App (3d) 120194

---

| | |
|---|---|
| Appellate Court Caption | *In re* ESTATE OF ALBINA DEUTH, Deceased (The Department of Healthcare and Family Services, Plaintiff-Appellant, v. Christine Fiedler, Executor of the Estate of Albina Deuth, Deceased, Defendant-Appellee). |
| District & No. | Third District<br>Docket No. 3-12-0194 |
| Rule 23 Order filed<br>Motion to publish<br>allowed<br>Opinion filed | April 24, 2013<br><br>June 27, 2013<br>June 27, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court erred in ruling that the State's claim against decedent's estate seeking reimbursement for Medicaid payments was barred by the five-year "catch-all" statute of limitations set forth in section 13-205 of the Code of Civil Procedure, since section 13-205 does not expressly apply to claims brought by the government, a public right was being asserted, not a private right, and nothing in the Public Aid Code placed any limitation on claims by the State. |
| Decision Under Review | Appeal from the Circuit Court of Putnam County, No. 09-P-2; the Hon. Kevin R. Galley, Judge, presiding. |
| Judgment | Reversed; cause remanded. |

Counsel on Appeal

Lisa Madigan, Attorney General, of Chicago (Carl J. Elitz, Assistant Attorney General, of counsel), for appellant.

No brief filed for appellee.


Panel

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.

Presiding Justice Wright and Justice Carter concurred in the judgment and opinion.

**OPINION**

¶ 1     The plaintiff, the Illinois Department of Healthcare and Family Services (the State), brought a claim against the estate of Albina Deuth (the Estate) under section 5-13 of the Public Aid Code (305 ILCS 5/5-13 (West 2010)) for the reimbursement of certain Medicaid expenses. The defendant, Christine Fiedler, the executor of the Estate, asserted Illinois's 5-year "catch-all" statute of limitations (735 ILCS 5/13-205 (West 2010)) as a partial defense to the State's claim, arguing that the State was barred from recovering any Medicaid payments it made to Albina Deuth more than five years before the probate estate was opened. The circuit court ruled that the five-year limitations period applied to the State's claim, effectively rendering the State's claim to recover Medicaid benefits paid outside that period time-barred. The State filed a timely motion to reconsider, which the circuit court denied. The State has appealed the circuit court's order under Supreme Court Rule 304(b)(1). Ill. S. Ct. R. 304(b)(1) (eff. Feb. 26, 2010).

¶ 2                                    BACKGROUND

¶ 3     On March 17, 2009, Fiedler filed a probate petition related to the will of her deceased mother, Albina Deuth. The petition stated that Deuth died on January 21, 2009, and that the Estate had a value of approximately $64,000. Fiedler was appointed as the independent executor of the Estate on March 19, 2009.

¶ 4     On July 15, 2009, the State filed a claim against the Estate under section 5-13 of the Public Aid Code (305 ILCS 5/5-13 (West 2010)) seeking to recover $6,237 in Medicaid benefits it had paid on Deuth's behalf. The payments were for "supplemental medical insurance benefits" and "pharmacy claims" dated between February 1, 2001, and December 10, 2008.

¶ 5     In her answer to the State's claim, the defendant raised Illinois's 5-year "catch-all" statute of limitations (735 ILCS 5/13-205 (2010)) as an affirmative defense to a portion of the

State's claim. She argued that claims to recover payments that were "incurred" more than five years before the probate action was filed were time-barred. The trial court ruled that section 13-205 applied to the State's claim, effectively rendering the State's claim to recover Medicaid benefits paid outside of the five-year limitations period time-barred.

¶ 6    The State filed a motion to reconsider, arguing that the limitations period prescribed in section 13-205 did not apply to claims brought by the State to recover public money from the estate of a deceased Medicaid recipient. In her response to the State's motion, Fiedler noted that while section 13-205 expressly exempted claims brought under another section of the Public Aid Code, it did not exempt claims brought under section 5-13. She argued that this suggested that the legislature did not intend to exempt the State's claim from the statute of limitations. Fiedler also noted that, under the Public Aid Code, the State's perfected liens on a Medicare recipient's property are valid for only five years (305 ILCS 5/3-10.2 (West 2010)). She argued that this showed that the legislature had "incorporated a statute of limitations into the Public Aid Code."

¶ 7    On February 6, 2012, the circuit court issued an order denying the State's motion to reconsider. The order included language indicating that it was a final and appealable order. The State filed a timely appeal under Supreme Court Rule 304(b)(1). Ill. S. Ct. R. 304(b)(1) (eff. Feb. 26, 2010).

¶ 8                                    ANALYSIS

¶ 9    As an initial matter, we note that Fiedler did not file an appellee's brief. Nevertheless, we find that we may address the merits of the appeal because the record is simple and the claimed errors can be easily decided without the aid of an appellee's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976); *People ex rel. Director of the Department of Corrections v. Booth*, 352 Ill. App. 3d 297, 299 (2004).

¶ 10    The State argues that section 13-205 does not bar claims by the government to recover public money. We agree. Under the common law, when a governmental unit acts in a public capacity (*i.e.*, when it seeks to assert a right belonging to the general public), a statute of limitations may not be asserted against the government unless the statute expressly applies to claims brought by the government. *City of Shelbyville v. Shelbyville Restorium, Inc.*, 96 Ill. 2d 457, 459-62 (1983); *City of Chicago v. Latronica Asphalt & Grading, Inc.*, 346 Ill. App. 3d 264, 269-70 (2004).[1] Section 13-205 does not expressly apply to claims brought by the government. *Latronica*, 346 Ill. App. 3d at 269-70. Moreover, by seeking to recover Medicaid payments, the State is seeking to assert a public right, not a private right. See, *e.g.*, *People ex rel. Department of Public Aid v. Dent*, 244 Ill. App. 3d 380, 382-83 (1993) (holding that supreme court rule intended to supplement statute of limitations did not apply to State claim to recover public assistance benefits it had overpaid to recipients; implicitly ruling that such claims assert public rights); see also *Clare v. Bell*, 378 Ill. 128, 130-31

_____

[1]This common law maxim was traditionally labeled "*nullum tempus occurrit regi*," a Latin phrase meaning "time does not run against the King." (Internal quotation marks omitted.) *Latronica*, 346 Ill. App. 3d at 269.

(1941) (State's action to collect penalties on delinquent property taxes allowed to proceed even though statute of limitations had run, apparently because to right to collect such penalties was "public"). Fiedler has not disputed that the State's claim involves the assertion of a public right. Nor could she plausibly dispute that fact. The State's claim seeks to recover public funds paid to a citizen in the form of public healthcare benefits. Such benefits are obviously designed to assist the public. Moreover, if the State is unable to recover these Medicaid payments from the Estate, there will be a loss of public revenue. Accordingly, the State's claim in this case asserts a public right, and section 13-205 does not apply. See, *e.g.*, *Dent*, 244 Ill. App. 3d at 382-83; *Clare*, 378 Ill. at 130-31; *Champaign County Forest Preserve District v. King*, 291 Ill. App. 3d 197, 200-04 (1997).

¶ 11    In her response to the State's motion to reconsider, Fiedler noted that section 13-205 expressly exempted section 11-13 of the Public Aid Code from the limitations period but did not exempt section 5-13. According to Fiedler, this shows that the legislature intended the five-year limitations period to apply to the claim asserted by the State in this case. Fiedler argued that, if the State were immune from statutes of limitations, there would have been no need for the legislature to expressly exempt section 11-13 of the Public Aid Code. We disagree. Contrary to Fiedler's suggestion, section 11-13 of the Public Aid Code does not address claims brought by the government. Rather, it addresses claims by public aid vendors who seek reimbursement from the government. In other words, section 11-13 addresses claims *against* the government, not claims brought by the government on behalf of the public. Thus, it has nothing to do with the State's claims in this case or with any claims asserted by the government. The fact that claims brought by vendors under section 11-13 are exempt from the statute of limitations in no way suggests that claims brought by the government are not also exempt. To the contrary, it is presumed that claims brought by the State which assert public rights are exempt unless the statute of limitations expressly provides that they are not. *Latronica*, 346 Ill. App. 3d at 269-70. Because section 13-205 contains no such provision, the State's claim is exempt from that statute's operation.

¶ 12    Fiedler also argued below that the State has "incorporated a statute of limitations into the Public Aid Code" by providing that the State's lien on a Medicaid recipient's property is valid for only five years after it is recorded. 305 ILCS 5/3-10.2 (West 2010); 305 ILCS 5/5-13 (West 2010) (incorporating lien requirements and conditions prescribed in sections 3-10.1 to 3-10.10 of the Public Aid Code). We disagree. The Public Aid Code merely provides that a state lien is enforceable for a period of five years after it is recorded. It does not provide that a lien must be recorded within a certain period of time. Nor does it suggest that a claim to enforce the State's lien against a recipient's estate may not include Medicaid payments that were made more than five years before the probate estate was opened. Any such suggestion would run counter to both the letter and the spirit of section 5-13 of the Public Aid Act, which entitles the State to recover the entire "amount expended" on Medicaid payments made to a recipient as a claim against the recipient's estate. 305 ILCS 5/5-13 (West 2010). Further, although a lien by the State is enforceable for only five years after it is recorded, Public Aid Code provides that the lien "may be extended for additional 5 year periods upon the filing or recordation of a new notice of lien prior to the expiration of the current period of enforceability." 305 ILCS 5/3-10.2 (West 2010). In other words, the State

may extend a perfected lien indefinitely simply by filing notice of its intent to do so every five years. Thus, contrary to Fiedler's assertion, nothing in the Public Aid Act imposes any type of limitations period on claims brought by the State.

¶ 13                                    CONCLUSION

¶ 14        For the foregoing reasons, we reverse the judgment of the circuit court of Putnam County and remand this cause so that the circuit court may consider the merits of the State's claim in its entirety.

¶ 15        Reversed; cause remanded.